IN THE UNITED STATES DISTRICT COURT FOR THE COUNTY OF

DAVIDSON IN THE STATE OF TENNESSEE

Richard Lewis Hunter, Sr.

Plaintiff,

V.

EPS-NASS D/B/A Voltyx-Arcline Investment Mangement

Defendant

Civil Action No. 3:23-CV-1257

## MOTION FOR DEFAULT JUDGEMENT

Plaintiff Richard Lewis Hunter, Sr. pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, respectfully moves for the entry of default judgment against Defendant EPS-NASS D/B/A Voltyx-Arcline Investment Mangement. Richard Lewis Hunter, Sr. brought this action on November 29, 2023, challenging Defendant's for unlawful employment practices brought under Titte VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.2000e, et seq. ("Title VIC'), 42 U.S.C. 1981 ("Section 1981 and the Age Discrimination in Employment Act of 1967, 29 U.S, C. S 621, et seq. ("ADEA"). The Court has jurisdiction under 28 U.S.C. 1331 and Venue is proper under 28 U.S.C 1391. The Defendant's registered agent was served on January 31, 2024 (See Attached).

The Defendant EPS-NASS D/B/A Voltyx-Arcline Investment Mangement failed to appear, answer, plead, or otherwise defend this action as required by the Federal Rules of Civil Procedure, and the Clerk of Court must enter a default against EPS-NASS D/B/A Voltyx-Arcline Investment Mangement.

Theis appropriate because the evidence establishes that EPS-NASS D/B/A Voltyx-Arcline Investment Mangement has failed to act and that this failure to act is contrary to the law. Plaintiff is therefore entitled to an order declaring that EPS-NASS D/B/A Voltyx-Arcline Investment Mangement failure to act is contrary to law in violation of 52 U.S.C. § 30109(a)(8)(C) and directing th EPS-NASS D/B/A Voltyx-Arcline Investment Mangement to

conform within 30 days. Plaintiff further requests that the Court assess $400 in court costs pursuant to 28 U.S.C. § 1920.

## STATEMENT OF FACTS

- Mr. Hunter is a 70-year-old African American male who was hired for Defendants as a Risk Manager at its headquarters in Nashville, Tennessee, from April 24, 2023, until it discharged him on May 31, 2023.

- Mr. Hunter performed his job for Defendant in an excellent manner receiving verbal accolades from the CEO, Mark Day and Corporate Attorney Katie Butcher-Nelson. He received positive performance evaluations during this short period during his employment. He received no disciplinary action before being discharged.

- During his employment, Defendant discriminated against and subjected Mr.

Hunter to disparate treatment because of his race, age, and/or gender.

- further allowed, maintained, and failed to remedy a race, age,

and/or gender-based hostile work environment that altered the conditions of Mr. Hunter's employment and made it more difficult for him to perform his job. Certain employees, including General Counsel Katie Butcher- Nelson, Litigation Manager, Chelle Mawhinney, Transportation Director and OSHA Manager. , contributed to, enabled, and caused the discriminatory hostile work environment.

- Mr. Hunter was the only African American, employed and assigned to the corporate office in Nashville, Tennessee. At no time the position he applied for and was hired for detailed any duties that were advertised on March 9, 2023, on the online platform Indeed.

- After Mr. Hunter was fired the defendant advertised for a Risk Manager and changed the job discription and duties that Mr. Hunter applied for on March 9, 2023.

- Mr. Hunter was further subjected to discrimination by reducing his job responsibilities of that of an Administrative Clerical Assistant. This was verified when the Laison with Enterprise Fleet Claims Reporting Services told Mr. Hunter that Chelle Mawhinney instructed her that Mr. Hunter's duties was only to report not manage claims to CNA and Enterprise Fleet Management.

Additionally, when Mr. Hunter complained to General Counsel Katie

Butcher-Nelson a week before his being terminated on May 3 1, 2023 the General

Counsel Katie Butcher-Nelson harassed Mr. Hunter for assisting a claimant who had been involved in an auto accident with one of defendant's vehicles on the West Coast. The claimant

reported the incident to AON Insurance Agency and the claimant finally reached Mr. Hunter to provide the claimant with information on the claim that was filed. General Counsel Katir Butcher-Nelson became irate and stated that information on or about the accident was privileged information and can only be obtained via a subpoena. Mr. Hunter disagreed with this allegation and was terminated that same day. The termination was the result of retaliation and an excuse for termination for Mr.

Hunter bringing to Katir Butcher-Nelson attention that he was not performing the

position he was hired for.

• Mr. Hunter repeatedly opposed and reported to Katie Butcher-Nelson, and others, that his job duties were not those of a Risk Manager that he was hired for.

• When Mr. Hunter was discharged the Defendants advised Mr.

Hunter that he was not an appropriate fit for the company on May 31, 2023.

One or more of Defendant's referenced policies may have violated the National Labor Relations Act, 29 U.S.C, 151-169 ("NLRA").

Defendant's asserted reason for discharging Mr. Hunter is illegal and/or

illegitimate.

Further, Defendant's asserted reason for discharging Mr. Hunter without any notice, warning, progressive discipline, Corrective action, or opportunity to cure any inappropriate or offensive behavior.

As described above, Defendant discriminated against Mr. Hunter in the terms,

conditions and privileges of employment, subjected him to disparate treatment and discharged him because of race, age, and/or gender, in violation of Title VII, Section

1981, and/or the ADEA.

• As described above, Defendant subjected Mr. Hunter to and is liable for a discriminatory hostile work environment that altered the conditions of his employment, in violation of Title VII, Section 1981, and/or the ADEA.

• As described above, Defendant retaliated against Mr. Hunter because of his opposition to and complaints about being hired as a Risk Manager and his job duties entailed that of an Administrative Clerical Assistant and discrimination and/or his protected advocacy activity, in violation of Title VII, Section 1981, and/or the ADEA.

Defendant's conduct as described in this Complaint was malicious and/or recklessly indifferent to Mr. Hunter' federally protected rights and/or willful, entitling him to punitive and/or liquidated damages under Title VII, Section 1981, and/or the

ADEA.

• As a direct result of Defendant's discriminatory and retaliatory conduct, Mr. Hunter lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; and has incurred attorneys' fees, costs and litigation expenses.

## LEGAL STANDARD

I. Default by the Defendant under Rule 55 A plaintiff may seek a default judgment in a lawsuit where the defendant fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a)-(b). But, "[a] default judgment may be entered against the defendants, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Although default against the defendants is disfavored, Rule 55(d) does not "relieve [] the sovereign from the duty to defend cases." Doe v. Democratic People's Republic of Korea Ministry of Foreign Affairs JungsongDong, 414 F. Supp. 3d 109, 120 (D.D.C. 2019) (citing Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 242 (2d. Cir. 1994). "In determining whether the default judgment against the defendant is proper, the court may accept as true the plaintiff's uncontroverted evidence," Payne v. Barnhart, 725 F. Supp. 2d 113, 116 (D.D.C. 2010), including evidence submitted by affidavit, see Estate v. Botvin ex rel. Ellis v. Islamic Republic of Iran, 684 F. Supp. 2d 34, 37 (D.D.C. 2010), and public record evidence, see Doe, 414 F. Supp. 3d at 12

## Prayer

1.) Back pay and damages for lost benefits at $300,000 for compensatory damages, limiting the award for future pecuniary losses to $180,000. Total: $480,000.00

2.) Compensatory damages for embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life.

3.) Front pay and damages for lost benefits;

4.) Punitive damages under Title VII and Section 1981;
5.) Liquidated damages under the ADEA;

6.) Attorneys' fees, costs and litigation expenses;

7.) Prejudgment interest and, if applicable, post judgment interest; and

Such other and further legal or equitable relief to which she may be entitled.

8.) The Defendant be barred from performing any United States Federal Contracts as a Contractor or Subcontractor for Violating the Department of Labor Executive Order 11246. Executive Order 11246 requires affirmative action and prohibits federal contractors from discriminating on the basis of race, color, religion, sex, sexual orientation, gender identity, or national origin. Plaintiff request that the defendant be barred from any Federal Contract for twelve consecutive months or in lieu of such barring award the plaintiff $4,800,000.00.
Plaintiff seeks total award of $5,280,000.00

## CONCLUSION

The uncontested evidence demonstrates that the Defendants has acted contrary to law in failing to act on Plaintiff's complaint. Thus, Plaintiff is entitled to entry of a default judgment against the defendant. Accordingly, Plaintiff respectfully requests that the Court enter judgment that the defendants has acted contrary to law; order the defendant to conform to the judgment within 30 days, and assess $400 in court costs pursuant to 28 U.S.C. § 1920.

Respectfully submitted,

Richard Lewis Hunter, Sr., Pro Se
108 McGavock Circle
Franklin, Tennessee 37064 (615)516-4175
Cell (615) 794-6374 Land Line
adjusternet@comcast.net Plaintiff

## Certificate of Service

I certify that a copy of this Motion has been sent to:

Voltyx-EPS-NASS
58 Progress Pkwy
Maryland Heights, MO 63043

On this __5th Day of___ March ,2024

And to the Agent of Record:

EPS-NASS C/O Corporation System
300 Montvue Road
Knoxville, Tennessee 37919

Respectfully submitted,

Richard Lewis Hunter, Sr., Pro Se
108 McGavock Circle
Franklin, Tennessee 37064 (615)516-4175
Cell (615) 794-6374 Land Line
adjusternet@comcast.net Plaintiff