**integ**

# AFFIDAVIT OF SERVICE

Richard Lewis Hunter, Sr.
_____
Plaintiff(s)

Vs.

US District Court — Davidson County
_____
Court

EPS-NASS  d/b/a Votyx
_____
Defendant(s)

3:23-CV-1257
_____
Case Number

I, __Will Johnson__, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

| Service: | Non-Service: |
|---|---|
| ☑ I served: | ☐ After due search, careful inquiry, and diligent attempts at the address(es) listed, I have been unable to effect process on: |
| EPS-NASS  c/o CT Corporation System | |
| 31 Jan 2024        9:40 am | For the following reason(s): |
| Date              Time | |
| ☐ At home address listed | ☐ Moved, left no forwarding address |
| ☐ At place of employment listed | ☐ No response after multiple attempts, no contact |
| ☑ Other location | ☐ Evading service |
| At: 300 Montvue Rd Knoxville TN 37919 | ☐ Bankruptcy |
| (registered agent location) | ☐ Deceased |
| | ☐ Other |

I, __Will Johnson__, certify, under penalty of perjury, that my statements contained within the foregoing affidavit are true and correct to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Subscribed and sworn to before me on: __1/31/24__
                                          Date

_Rachel Johnson_
_____
Notary Public

My commission expires: __4/5/25__

_(signature)_
_____
Process Server Signature

**William Johnson**
**16 Emory Place #201**
**Knoxville, TN 37917**
**(865) 399-3115**

(Notary Seal: RACHEL S. JOHNSON / STATE OF TENNESSEE / NOTARY PUBLIC / KNOX COUNTY)

Richard Lewis Hunter Sr.

108 McGavock Circle

Franklin, Tennessee 37064

In the <u>United Staes District</u> Court for the County of <u>Davidson</u>

in the State of <u>Tennessee</u>

Richard Lewis Hunter, Sr.      )      Case No.: 3:23-CV-1257
                               )
        Plaintiff,             )
                               )      Summons
    v.                         )
                               )
EPS-NASS  D/B/A Voltyx         )
                               )
        Defendant.             )
_____ )

Directed to: *E P S — N A S S  D/B/A  Voltyx*

A lawsuit has been commenced against you in the above-entitled Court by the Plaintiff. Plaintiff's claim is stated in the Complaint served with this Summons. In order to defend against this lawsuit, you must respond to the Complaint by filing an Answer stating your defense in writing and serving a copy to the Plaintiff within _____ (_21_) days after the service of this Summons, excluding the day of service. If you are served outside the state, you will have _____ (_60_) days after service of this Summons. A default judgment may be entered agent you without notice.

Respectfully submitted this ____ day of _____, ____

*Richard L. Hunter Sr*
[Plaintiff's Name]

Name: *Richard L. Hunter Sr*

Its: *Pro Se*

Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

RICHARD L. HUNTER, SR.

      Plaintiff,               Case No.

                                      Judge
                             Magistrate Judge

VOLTYX LLC, & ARCLINE INVESTMENTS
MANAGEMENT
EPS-NASS Parent, Inc

                           Jury Demand

      Defendants.

## COMPLAINT

For his Complaint against Defendants Voltyx and Arcline Investments Management

Corporation , EPS-NASS Parent, Inc.("Defendants"), Plaintiff  Richard L, Hunter ("Mr. Hunter"), states:

## PARTIES

1.     Mr. Hunter is a former employee of Defendant.

2.Defendant is a Tennessee limited liability company, a Tennessee corporation, with its principal

    place  at  of business at 9 Lea Avenue , Nashville, Tennessee 37202.
Defendants

    may be served with process through its registered agent,

## JURISDICTION AND VENUE

3. This is an action for damages and equitable relief for unlawful employment
practices brought under Titte VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.
2000e, et seq. ("Title VIC'), 42 U.S.C. 1981 ("Section 1981"), and the Age
Discrimination in Employment Act of 1967, 29 U,S, C. S 621, et seq. ("ADEA"). The
Court has jurisdiction under 28 U.S.C.     1331 and 1343(a)(4). Venue is proper under

1

28 U.S.C., 1391.

1

4. Mr. Hunter has met all conditions precedent to the filing of this Complaint. He timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 1, 2023. The EEOC sent him Notices of Suit Rights on November 3, 2023

## FACTS

- Mr. Hunter is a 70 year-old African-American male who was hired for Defendants as a Risk Manager at its headquarters in Nashville, Tennessee , from April 24, 2023, until it discharged him on May 31, 2023..

- Mr. Hunter performed his job for Defendant in an excellent manner receiving verbal accolades from the CEO, Mark Day and Corporate AttorneyKatie Butcher-Nelson . He received positive performance evaluations during this short period during his employment. He received no disciplinary action before being discharged.

- During his employment, Defendant discriminated against and subjected Mr. Hunter to disparate treatment because of his race, age, and/or gender.

- Defendant further allowed, maintained, and failed to remedy a race, age, and/or gender-based hostile work environment that altered the conditions of Mr. Hunter's employment and made it more difficult for him to perform his job. Certain employees , including General Counsel Katie Butcher- Nelson , Litigation Manager , Chelle Mawhinney, Transportation Director and OSHA Manager., contributed to, enabled, and caused the discriminatory hostile work environment.

- Mr. Hunter was the only African-American, employed and assigned to the Corporate office in Nashville, Tennessee. . At no time the position he applied for and was hired for detailed any duties that were advertised on March 9, 2023 on the online

2

platform Indeed.

- After Mr. Hunter was fired the defendant advertised for a Risk Manager and changed the job discription and duties that Mr. Hunter applied for on March 9, 2023.

- Mr. Hunter was further subjected to discriminatory by reducing his job responsibilities of that of an Administrative Clerical Assistant. This was verified when the Laison with Enterprise Fleet Claims Reporting Services told Mr. Hunter that Chelle Mawhinney instructed her that Mr. Hunter's duties was only to report not manage claims to CNA and Enterprise Fleet Management.

- Additionally, when Mr. Hunter complained to General Counsel Katie Butcher-Nelson a week before his being terminated on May 31, 2023 the General Counsel Katie Butcher-Nelson harassed Mr. Hunter for assisting a claimant who had been involved in an auto accident with one of defendants vehicles on the West Coast. The claimant reported the incident to AON Insurance Agency and the claimant finally reached Mr. Hunter provided the claimant with information on the claim that was filed. General Counsel Katir Butcher-Nelson became irate and stating that information on or about the accident was privileged information and can only be obtained via a subpoena. Mr. Hunter, disagreed with this allegation and was terminated that same day. The termination was the result of retaliation and an excuse for termination for Mr. Hunter bringing to Katir Butcher-Nelson attention that he was not performimg the posioton he was hired for.

- Mr. Hunter repeatedly opposed and reported to Katie Butcher-Nelson, and others that his job duties were not that of a Risk Manager that he was hired for.

- When Mr. Hunter was discharged the Defendants advised Mr. Hunter that he was not an appropriate fit for the company on May 31,

3

2023.

- One or more of Defendant's referenced policies may have violated the National Labor Relations Act, 29 U.S.C, ssss 151-169 ("NLRA").

Defendant's asserted reason for discharging Mr. Hunter is illegal and/or illegitimate.

Further, Defendant's asserted reason for discharging Mr. Hunter without any notice, warning, progressive discipline, Corrective action, or opportunity to cure any inappropriate or offensive behavior.

- As described above, Defendant discriminated against Mr. Hunter in the terms, conditions and privileges of employment, subjected him to disparate treatment and discharged him because of race, age, and/or gender, in violation of Title VII, Section 1981, and/or the ADEA.
- As described above, Defendant subjected Mr. Hunter to and is liable for a discriminatory hostile work environment that altered the conditions of his employment, in violation of Title VII, Section 1981, and/or the ADEA.
- As described above, Defendant retaliated against Mr. Hunter because of his opposition to and complaints about being hired as a Risk Manager and his job duties entailed that of an Administrative Clerical Assistant and discrimination and/or his protected advocacy activity, in violation of Title VII, Section 1981, and/or the ADEA.
- Defendant's conduct as described in this Complaint was malicious and/or

4

recklessly indifferent to Mr. Hunter' federally protected rights and/or willful, entitling him to punitive and/or liquidated damages under Title VII, Section 1981, and/or the ADEA.

- As a direct result of Defendant's discriminatory and retaliatory conduct, Mr. Hunter lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; and has incurred attorneys' fees, costs and litigation expenses.

## RELIEF REQUESTED

WHEREFORE, Mr. Hunter respectfully requests:

- A jury trial.

- Back pay and damages for lost benefits

- Compensatory damages for embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life.

- Front pay and damages for lost benefits;

- Punitive damages under Title V II and Section 1981;

- Liquidated damages under the ADEA;

- Attorneys' fees, costs and litigation expenses;

- Prejudgment interest and, if applicable, post judgment interest; and

- Such other and further legal or equitable relief to which she may be entitled.

- The Defendant be barred from performing any United States Federal Contracts as a Contractor or Subcontractor for Violating The Department of Labor Executive Order 11246, which requires affirmative action and prohibits federal contractors from discriminating based on race, color, religion, sex, sexual orientation, gender

5

identity or national origin.

Respectfully submitted,

Richard Lewis Hunter, Sr., Pro
108 McGavock Circle
Franklin, Tennessee 37064
(615)516-4175 Cell
(615) 794-6374 Land Line
adjusternet@comcast.net Plaintiff

6