IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **RICHARD L. HUNTER, SR.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:23-cv-1257 |
| | ) |
| **VOLTYX LLC, & ARCLINE INVESTMENTS** | ) |
| **MANAGEMENT** | ) |
| **EPS-NASS Parent, Inc.** | ) |
| | ) |
| **Defendants.** | ) |

## EPS NASS PARENT, INC.'S RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

EPS NASS Parent, Inc., ("EPS NASS") by and through undersigned counsel, submits this Response Memorandum in Opposition to Plaintiff's Motion for Entry of Default Judgment pursuant to Rule 4 of the Federal Rules of Civil Procedure. In support, EPS NASS cites Plaintiff's improper summons and improper service to an incorrectly named Defendant. EPS NASS requests this Court order Plaintiff issue summons and service pursuant to Fed. R. Civ. P. 4 on the correctly-named defendants in this matter within a date certain. EPS NASS additionally requests 21 days to file responsive pleadings upon receipt of proper service.

**I.    PROCEDURAL HISTORY**

Plaintiff filed the instant action, Case No. 3:23-cv-1257, on November 29, 2023, against Voltyx and Arcline Investments Management Corporation, EPS-NASS Parent, Inc. ("Defendants"). (ECF 1) In his Complaint, Plaintiff cites discrimination claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, 42 U.S.C. 1981, and the Age Discrimination Employment Act. On November 29, 2023, the Court issued a summons to Voltyx LLC + Arcline Investments Management c/o Northwest Registered Agent, 116 Agnes Rd #206, Knoxville,

1

Tennessee, 37919. (ECF 2) On December 11, 2023, Plaintiff filed a Return of Service on Voltyx, stating he mailed the packet to 116 Agnes Rd. #200, Knoxville, Tennessee, 37919. (ECF 4) On January 3, 2024, the Court ordered Plaintiff to serve process to Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. (ECF 6) Plaintiff thereafter filed an undated Summons, not issued by the Clerk, and an Affidavit of Service on Defendant EPS-NASS d/b/a Voltyx, dated February 1, 2024.[1] (ECF 7) On March 5, 2024, Plaintiff filed the present Motion for Entry of Default Judgment. (ECF 8) EPS NASS asserts the improper summons, failure to properly serve EPS NASS, and incorrectly named Defendant as grounds for opposition to this Motion for Entry of Default. EPS NASS requests Plaintiff provide proper summons and service to the correctly named EPS NASS Parent, Inc., after which EPS NASS requests an additional 21 days to file responsive pleadings.

## II.     LEGAL ARGUMENT

### A.     Improper Summons, Service, and Incorrectly Named Defendant Are Not Grounds for Entry of Default Judgment

Pursuant to Rule 4(a) of the Federal Rules of Civil Procedure, a summons must be signed by the clerk, bear the clerk's seal, and state the time within which the defendant must appear. Further, pursuant to Local Rule 4.01, upon filing the complaint, an attached summons for issuance by the Clerk shall be filed as well. L.R. 4.01(a) and (b). Plaintiff attached a summons, undated and not bearing the seal of the clerk. (ECF 7) The only Summons issued by the Clerk did not name EPS NASS, nor was it addressed to EPS NASS's registered agent.[2] The Affidavit of Service, file stamped "Feb. 1, 2023," is attached to an undated, improper Summons not issued by the Clerk of the Court. (ECF 7)

---

[1] Plaintiff is *pro se.*
[2] EPS NASS Parent, Inc.'s registered agent is C T Corporation System, 300 Montvue Road, Knoxville, TN 37919.

2

Any motion for default against Defendant should be denied as the service of process was fatally defective under Rule 4 of the Federal Rules of Civil Procedure. Courts may only exercise personal jurisdiction over a defendant who has been properly served. Courts in other circuits have found the failure to follow each of the requirements, as set forth in Rule 4(a)(1)(A)-(G), as "fatal to the plaintiff's case." *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.2d 565, 569 (3d Cir. 1996)(dismissing a case when the summons was not signed and sealed by the clerk as required by Rule 4(a)(1)(F) and (G)). The Sixth Circuit has previously imposed a strict reading of Rule 4(a)(1) on plaintiffs. *See Phillips v. Cap. Internal Med. Assocs., P.C.*, No. 1:23-CV-429, 2023 WL 8467789, at *4 (W.D. Mich. Dec. 7, 2023)(Court held Plaintiffs failed to provide sufficient service of process because their summons did not comply with Rule 4(a)(1)(B)). Therefore, any request for entry of default judgment must be denied wherein the summons failed to comply with Rule 4 of the Federal Rules of Civil Procedure. Any motion for default judgment is void because EPS NASS did not receive valid service under federal law. Because a default judgment is a disfavored "drastic step" and the court must be "extremely forgiving" to a defendant, this motion should be denied. See *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983).

**B.   Plaintiff will not be prejudiced by requiring proper summons, service, and correctly naming of Defendant.**

Default judgments are disfavored, and there must be "strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Walton v. Rogers*, 860 F.2d 1081 (6th Cir. 1988). A default judgment "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). Sixth Circuit courts are extremely forgiving to the defaulted party. Plaintiff is not prejudiced by the lack of entry of default judgment.

3

On January 5, 2024, this Court entered an Order requiring Plaintiff serve process upon Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. (ECF 6) Plaintiff was further warned failure to timely complete service of process would result in dismissal of the action. Plaintiff ignored these instructions, failing to have the Clerk of the Court issue a summons to EPS NASS Parent, Inc.'s registered agent, and failing to correctly name or serve EPS NASS Parent, Inc. The only evidence provided by Plaintiff prior to the filing of this Motion for Entry of Default Judgment of service on EPS NASS is ECF 7, an undated Summons, directed to "EPS-NASS D/B/A Voltyx," which did not contain an address, nor was it issued by a Clerk of this Court. This "Summons" is attached to an Affidavit of Service to "EPS-NASS d/b/a Votyx." (ECF 7) As previously ordered by this Court, EPS NASS Parent, Inc. requests Plaintiff issue summons and serve the correctly-named defendant pursuant to Fed. R. Civ. P. 4.

**CONCLUSION**

Wherefore, based upon the foregoing, Defendant respectfully requests the court deny Plaintiff's request for entry of default judgment against EPS NASS Parent, Inc. and award such further relief as requested by EPS NASS Parent, Inc., including a time certain for Plaintiff to correct his improper summons and service to the correct named Defendant, and for EPS NASS Parent, Inc. be granted additional time within which to file responsive pleadings upon receipt of proper service of summons.

DATED: March 15, 2024.

                                          Respectfully submitted,

                                          GORDON REES SCULLY MANSUKHANI, LLP

                                            /s/ *Desireé J. C. Goff*
                                          Heather Gwinn, BPR 25931
                                          Desireé J. C. Goff, BPR 31136

Gordon Rees Scully Mansukhani, LLP
4031 Aspen Grove Dr. Suite 290
Franklin, TN 37067
Telephone: (615) 772-9000
hgwinn@grsm.com
dgoff@grsm.com
*Counsel for Defendant EPS NASS Parent, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2024, a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Default Judgment was filed electronically with a true and correct copy of the foregoing document forwarded by the cm/ecf system and by electronic mail to:

Richard Lewis Hunter, Sr.
108 McGavock Cirle
Franklin, Tennessee 37064
adjusternet@comcast.net
*Pro Se Plaintiff*

Signed: */s/ Desiree Goff*
Desiree Goff

5