IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **RICHARD L. HUNTER, SR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:23-cv-1257 |
| ) | |
| **VOLTYX LLC, & ARCLINE INVESTMENTS** ) | |
| **MANAGEMENT** ) | |
| **EPS-NASS Parent, Inc.** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER OF EPS NASS PARENT, INC.

COMES NOW, Defendant EPS NASS Parent, Inc. (hereafter "EPS NASS" or "Defendant"), by and through counsel, and responds to the allegations of Plaintiff Richard Hunter (hereafter "Plaintiff" or "Hunter") and asserts its affirmative defenses in the numbered paragraphs as follows:

1. Responding to Paragraph 1 of the Complaint, Defendant admits Mr. Hunter is a former employee.

2. Responding to Paragraph 2 of the Complaint, Defendant denies all allegations. EPS NASS is a Delaware corporation registered to do business in Tennessee with a principal office located at 3803 Bedford Ave., Suite 106, Nashville, Tennessee, 37215.

3. Responding to Paragraph 3 of the Complaint, Plaintiff makes statements of law to which no response is required. Defendant admits venue is proper pursuant to 28 U.S.C. §1391 but denies all other allegations.

4. Responding to Paragraph 4 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same. Strict proof is demanded.

FACTS

Defendant hereafter submits responses to Plaintiff's un-numbered bullets in the "FACTS" section:

- Responding to Bullet 1 (page 2) of the Complaint, Defendant admits it employed Mr. Hunter in April and May, 2023. As to Mr. Hunter's age and ethnicity, Defendant is without knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same. All remaining allegations denied.
- Responding to Bullet 2 (page 2) of the Complaint, Defendant denies all allegations.
- Responding to Bullet 3 (page 2) of the Complaint, Defendant denies all allegations.
- Responding to Bullet 4 (page 2) of the Complaint, Defendant denies all allegations.
- Responding to Bullet 5 (page 2) of the Complaint, Defendant denies all allegations.
- Responding to Bullet 6 (page 3) of the Complaint, Defendant denies all allegations.

[SPACE INSERTED TO MIRROR SPACE BETWEEN BULLETS IN COMPLAINT]

- Responding to Bullet 7 (page 3) of the Complaint, Defendant denies all allegations.
- Responding to Bullet 8 (page 3) of the Complaint, Defendant denies all allegations.
- Responding to Bullet 9 (page 3) of the Complaint, Defendant denies all allegations.
- Responding to Bullet 10 (page 3) of the Complaint, Defendant denies all allegations.

- Responding to Bullet 11 (page 4) of the Complaint, Defendant denies all allegations.

In responding to the paragraph following Bullet 11, Plaintiff makes statements of law to which no response is required. If a response is required, all allegations are denied.

In responding to the second paragraph following Bullet 11, Defendant denies all allegations.

- Responding to Bullet 12 (page 4) of the Complaint, Plaintiff makes statements of law to which no response is required. If a response is required, all allegations are denied.

- Responding to Bullet 13 (page 4) of the Complaint, Plaintiff makes statements of law to which no response is required. If a response is required, all allegations are denied.

- Responding to Bullet 14 (page 4) of the Complaint, Plaintiff makes statements of law to which no response is required. If a response is required, all allegations are denied.

- Responding to Bullet 15 (page 4) of the Complaint, Plaintiff makes statements of law to which no response is required. If a response is required, all allegations are denied.

- Responding to Bullet 16 (page 5) of the Complaint, Plaintiff makes statements of law to which no response is required. If a response is required, all allegations are denied.

## PRAYER FOR RELIEF

Responding to RELIEF REQUESTED of Plaintiff's Complaint, Defendant EPS NASS denies Plaintiff is entitled to any relief. EPS NASS denies the allegations set forth in Plaintiff's Prayer for Relief, immediately following the un-numbered bullets contained in the Complaint.

EPS NASS prays that this Court will enter judgment in its favor and against Plaintiff.

## GENERAL DENIAL

EPS NASS denies all allegations not specifically admitted herein.

## JURY DEMAND

EPS NASS admits that Plaintiff demand a trial by jury. EPS NASS also demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following as defenses or affirmative defenses, EPS NASS does not concede that each of the matters covered by the numbered defenses is to be proven by EPS NASS, and EPS NASS reserves its position that Plaintiff bears the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages.

Defendant EPS NASS alleges, avers, and affirmatively pleads as follows:

**FIRST DEFENSE**

The Complaint and each of the separate counts set forth therein fail to state a claim upon which relief may be granted, and should be dismissed.

**SECOND DEFENSE**

Plaintiff's damages, if any, were caused by the acts and failure to act of persons and entities other than Defendant.

**THIRD DEFENSE**

Plaintiff's damages, if any, were caused by Plaintiff's acts, failures, or negligence.

**FOURTH DEFENSE**

Defendant's actions were performed in good faith and without malice or discriminatory intent.

**FIFTH DEFENSE**

Plaintiff suffered no injuries or damages as a result of the conduct of Defendant.

## SIXTH DEFENSE

All of Defendant's acts were performed fairly and for a lawful purpose, and its conduct was in compliance with its obligations under applicable law.

## SEVENTH DEFENSE

Some or all of the damages sought by Plaintiff are not available under the law.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own bad faith.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## ELEVENTH DEFENSE

If Plaintiff was damaged as alleged in the Complaint, or at all, he failed to mitigate his alleged damages and any recovery herein shall be barred or, accordingly, reduced to the extent that such damages were not mitigated.

## TWELFTH DEFENSE

EPS NASS's actions did not involve an enumerated activity under 42 U.S.C. §1981. Specifically, there was no activity relating to the making or enforcement of a contract between EPS NASS and either Plaintiff, without which relief is not available under 42 U.S.C. §1981.

## THIRTEENTH DEFENSE

Each and every act or statement done or made by Defendant EPS NASS and its officers, employees, or agents with reference to the matters at issue, was a good faith assertion of its rights and obligations, and therefore, was privileged or justified.

## FOURTEENTH DEFENSE

Any and all decisions made and actions taken by Defendant EPS NASS and/or on Defendant EPS NASS's behalf were made and taken in the exercise of proper managerial discretion and in good faith for reasons unrelated to Plaintiff and for valid business reasons.

## FIFTEENTH DEFENSE

Any and all claims for punitive damages set forth in the Complaint violate the Eighth and Fourteenth Amendments of the United States Constitution.

## SIXTEENTH DEFENSE

Given the facts underlying this dispute, any award of punitive or exemplary damages to Plaintiff would violate Defendant EPS NASS's rights to procedural due process and to substantive due process as provided by the Fifth and the Fourteenth Amendments to the Constitution of the United States.

## SEVENTEENTH DEFENSE

Defendant's conduct and treatment of Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons that were unrelated to Plaintiff's alleged assertion of rights under the Tennessee Human Rights Act, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, the Age Discrimination in Employment Act of 1967, or other alleged complaints of discrimination. In the alternative, if any action taken by Defendant was motivated in part by discrimination and/or retaliation, an allegation Defendant denies, Defendant would have taken the same action irrespective of such motive.

## EIGHTEENTH DEFENSE

Even if Plaintiff could show that an unlawful factor played a role in a decision impacting his employment, which Defendant denies, Defendant would have made the same decision with respect to Plaintiff's employment without consideration of such unlawful factor.

## NINTEENTH DEFENSE

Defendant is not liable for punitive damages because it at all times made a good faith effort to comply with Section 1981, Title VII, and the ADEA, and all applicable federal civil rights laws. Any actions taken by Defendant regarding Plaintiff were taken in good faith, in accordance with its internal policies against discrimination and/or retaliation and applicable laws, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiff's protected rights. Defendant therefore did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages. To the extent that Plaintiff cannot prove actual or punitive damages, he can only recover nominal damages. Moreover, the imposition of punitive damages would violate the Due Process provisions of the United States Constitution.

## TWENTIETH DEFENSE

Compensatory and punitive damages are limited by amounts authorized by Title VII, THRA, ADEA, and 42 USC §1981, and no facts have been asserted that would support any claim for punitive damages.

## TWENTY-FIRST DEFENSE

Defendant EPS NASS alleges it exercised reasonable care to prevent and promptly correct discrimination and harassment against Plaintiff, if any, and that Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to otherwise avoid the harm.

### TWENTY-SECOND DEFENSE

Plaintiff failed to exhaust administrative remedies prior to filing the instant lawsuit.

### TWENTY-THIRD DEFENSE

EPS NASS asserts that at all times it acted in good faith with regard to all aspects of Plaintiff's employment, and made all of its decisions relating to Plaintiff Hunter's employment in a nondiscriminatory manner.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to satisfy the statutory and/or jurisdictional prerequisites to suit and/or to the extent the Plaintiff seeks to base his claims on events occurring outside the applicable statute of limitations. The allegations in this affirmative defense may have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

### TWENTY-FIFTH DEFENSE

Defendant EPS NASS states that any and all employment decisions made regarding Plaintiff were predicated solely upon nondiscriminatory, legitimate business reasons having no relation whatsoever to the race or age of Plaintiff Hunter.

### TWENTY-SIXTH DEFENSE

Should Defendant EPS NASS be found liable for any of Plaintiff's claims, Plaintiff's recovery shall be limited or obviated by the after-acquired evidence doctrine.

### TWENTY-SEVENTH DEFENSE

Some or all of the damages sought by Plaintiff are not available under 42 U.S.C. §1981, Title VII, or the ADEA.

## TWENTY-EIGHTH DEFENSE

Defendant EPS NASS reserves the right to amend this Answer with additional defenses that may be developed through the course of discovery and investigation.

WHEREFORE, EPS NASS respectfully requests this Court:

(a) dismiss Plaintiff's Complaint with prejudice;

(b) award judgment in favor of Defendant and tax all costs and attorneys' fees against Plaintiff;

(c) deny the relief requested by Plaintiff; and

(d) for all such other and further relief as this Court deems just and proper.

DATED: April 1, 2024.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

/s/ *Desireé J. C. Goff*
Heather Gwinn, BPR 25931
Desireé J. C. Goff, BPR 31136
Gordon Rees Scully Mansukhani, LLP
4031 Aspen Grove Dr. Suite 290
Franklin, TN 37067
Telephone: (615) 772-9000
hgwinn@grsm.com
dgoff@grsm.com
*Counsel for Defendant EPS NASS Parent, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2024, a copy of the foregoing Answer was filed electronically with a true and correct copy of the foregoing document forwarded by the CM/ECF system and by electronic mail to:

Richard Lewis Hunter, Sr.
108 McGavock Circle
Franklin, TN 37064
adjusternet@comcast.net
*Pro Se Plaintiff*

Signed: */s/ Desiree Goff*
Desiree Goff